```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| THEODORE RIDGEWAY, | ) |
| | ) Civil Action |
|        Petitioner | ) No. 2012-cv-05092 |
| | ) |
|   vs. | ) |
| | ) |
| LOUIS FOLINO, | ) |
| ATTORNEY GENERAL OF THE STATE OF | ) |
| PENNSYLVANIA and | ) |
| THE DISTRICT ATTORNEY OF THE | ) |
| COUNTY OF PHILADELPHIA, | ) |
| | ) |
|        Respondents | ) |

O R D E R

NOW, this 9th day of August, 2016 upon consideration of the following documents:

    (1)  Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Habeas Petition") filed by petitioner pro se on September 2, 2012 (Document 1);[1]

    (2)  Amended Petition Under 28 U.S.C. Section 2254 For Writ of Habeas Corpus by a Person in State Custody ("Amended Habeas Petition") filed by petitioner on October 9, 2012 (Document 4), together with

        (a)  Exhibits A through D;

---

[1] Although the docket entries reflect that Mr. Ridgeway's original Habeas Petition was filed on September 6, 2012, the petition itself is dated September 2, 2012.  See Habeas Petition at page 11.

Under the prison mailbox rule, petitioner's Habeas Petition is considered filed on the date that it was delivered to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).  Therefore, I will consider the filing date of petitioner's original Habeas Petition as September 2, 2012.

  (3) Order of United States Magistrate Judge Linda K. Caracappa dated and filed on November 21, 2013 (Document 25);

  (4) Order of the undersigned dated and filed on September 18, 2014 (Document 32);

  (5) Petitioner[']s Motion to Amend and for Stay/Abeyance in Habeas Corpus Matter ("Motion to Amend") filed by petitioner pro se on October 16, 2014 (Document 34);[2]

  (6) Order of United States Magistrate Judge Linda K. Caracappa dated and filed on January 8, 2015 (Document 35);

  (7) Supplemental Response to the Petition for Writ of Habeas Corpus filed by respondents on May 28, 2015 (Document 43);

  (8) Order of United States Magistrate Judge Linda K. Caracappa dated and filed on June 25, 2015 (Document 45);

  (9) Supplemental Report and Recommendation of United States Magistrate Judge Linda K. Caracappa dated and filed on June 25, 2015 (Document 46);

  (10) Objections to Supplemental Report & Recommendation ("Petitioner's Objections")

---

[2] Petitioner's Motion to Amend was filed together with his § 2241 Habeas Corpus Petition Form to be used by Prisoners in Actions under 28 U.S.C. § 2241 ("Second Amended Habeas Petition").  Although filed on the incorrect form, United States Magistrate Judge Linda K. Caracappa accepted petitioner's Second Amended Habeas Petition.  See Order filed by United States Magistrate Judge Linda K. Caracappa on January 8, 2015.

  Although the docket entries reflect that petitioner's Motion to Amend and the accompanying Second Amended Habeas Petition were filed on October 22, 2014, both documents are dated October 16, 2014.  In accordance with the prison mailbox rule, I will consider the date of filing for both the Motion to Amend and the Second Amended Habeas Petition as October 16, 2014.  Lack, 487 U.S. at 276, 108 S.Ct. at 2385, 101 L.Ed.2d at 255.

>   filed by petitioner pro se on July 14, 2015 (Document 49);[3]
>
> (11) Petitioner[']s Supplemental Objection[s] to the Magistrate[']s R&R ("Petitioner's Supplemental Objections") filed by petitioner pro se on July 27, 2015 (Document 51),[4] together with
>
>   (a) Exhibit A;
>
> (12) Response to the Petitioner's Objections to the Magistrate Judge's Supplemental Report and Recommendation filed by respondents on October 15, 2015 (Document 53);
>
> (13) Petitioner's Traverse to Respondents['] Response and Request/Motion for an Evidentiary Hearing ("Traverse") filed by petitioner pro se on October 23, 2015 (Document 54);[5] together with
>
>   (a) Exhibit A;
>
> (14) Petitioner's Supplemental Traverse to Respondent[']s Response and Request/Motion for Evidentiary Hearing ("Supplemental

---

[3] Although the docket entries reflect that Petitioner's Objections were filed July 20, 2015, the document is dated July 14, 2015. See Petitioner's Objections at page 4. In accordance with the prison mailbox rule, I will consider the date of filing as July 14, 2015. Lack, 487 U.S. at 276, 108 S.Ct. at 2385, 101 L.Ed.2d at 255.

[4] Although the docket entries reflect that Petitioner's Supplemental Objections were filed August 3, 2015, the document is dated July 27, 2015. See Petitioner's Supplemental Objections at page 5. In accordance with the prison mailbox rule, I will consider the date of filing as July 27, 2015. Lack, 487 U.S. at 276, 108 S.Ct. at 2385, 101 L.Ed.2d at 255.

[5] Although the docket entries reflect that petitioner's Traverse was filed October 30, 2015, the document is dated October 23, 2015. See Traverse at page 11. In accordance with the prison mailbox rule, I will consider the date of filing as October 23, 2015. Lack, 487 U.S. at 276, 108 S.Ct. at 2385, 101 L.Ed.2d at 255.

>   Traverse") filed by petitioner pro se on
>   October 26, 2015 (Document 55);[6]

it appearing, after de novo review of this matter,[7] that the Supplemental Report and Recommendation of United States Magistrate Judge Linda K. Caracappa correctly determined the pertinent legal and factual issues presented in petitioner's Second Amended Habeas Petition,

>   IT IS ORDERED that petitioner's Objections to Supplemental Report & Recommendation are each overruled.[8]

---

[6]    Although the docket entries reflect that petitioner's Supplemental Traverse was filed November 2, 2015, the document is dated October 26, 2015.  See Supplemental Traverse at page 6.  In accordance with the prison mailbox rule, I will consider the date of filing as October 26, 2015.  Lack, 487 U.S. at 276, 108 S.Ct. at 2385, 101 L.Ed.2d at 255.

[7]    When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.  See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  Raddatz, supra.

[8]    As a preliminary matter, respondents argue that Petitioner's Objections are untimely and reviewable only for plain error.  By her Order entered June 26, 2015 United States Magistrate Judge Linda K. Caracappa informed all parties that written objections must be filed within fourteen days.  In accordance with the computing method proscribed by Federal Rule of Civil Procedure 6(a)(1), the written objections were required to be filed by July 10, 2015.  However, that deadline is extended by three days -- until July 13, 2015 -- because petitioner was served by mail under Federal Rule of Civil Procedure 5(b)(2)(C).

(Footnote 8 continued):

---

(Continuation of footnote 8):

  Petitioner's Objections were filed on July 14, 2015. Respondents are correct that Petitioner's Objections were untimely by one day. However, because I must construe petitioner's pleadings liberally, I will not penalize petitioner for filing his objections one day late. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972). I will review Petitioner's Objections de novo.

  Petitioner's Objections consist of twelve numbered paragraphs that raise both objections and restatements of the arguments presented in his Second Amended Habeas Petition. As such, I will address only those numbered paragraphs which raise an objection to the Supplemental Report and Recommendation.

  In paragraphs two and three, petitioner argues that United States Magistrate Judge Linda K. Caracappa erred in finding his "Pro Se Direct Appeal Counsel's Ineffectiveness claim" untimely. See Petitioner's Objections at page 1-2. Specifically, petitioner asserts that his claim is timely because he filed his Motion to Amend and Second Amended Habeas Petition on October 16, 2014 prior to the October 31, 2014 deadline prescribed by my Order filed on September 18, 2014.

  Petitioner further argues, in paragraphs five and six, that his Second Amended Habeas Petition did not negate or replace his original Habeas Petition, which was timely. Petitioner contends that the claims raised in his Second Amended Habeas Petition relate back to his original Habeas Petition.

  In response to petitioner's objection, respondents argue that petitioner misunderstands my Order filed on September 18, 2014. Respondents contend my Order filed on September 18, 2014 did not address the question of whether claims presented by petitioner in his Second Amended Habeas Petition would be reviewable on their merits and that Judge Caracappa appropriately determined that many of the claims in petitioner's Second Amended Habeas Petition were untimely. I agree.

  By my Order filed September 18, 2014 I granted petitioner the opportunity to file an amended habeas petition. I also noted my assumption that petitioner "may seek to add claims contained in his original petition" back into his petition. However, petitioner's Second Amended Habeas Petition does not attempt to incorporate by reference the claims raised in his timely, original Habeas Petition. Instead, petitioner specifically raises only grounds A through L in the pages attached to his Second Amended Habeas Petition. See Second Amended Habeas Petition at pages 15-75.

  An amended pleading does not add to, but rather supersedes the original pleading. See Semulka v. Moschell, 401 F.App'x 628, 629 (3d Cir. 2010) (non-precedential) (citing King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)).

                (Footnote 8 continued):

---

(Continuation of footnote 8):

  Further, respondents correctly argue that I made no indication of whether petitioner's amended habeas petition would be reviewed on the merits. It was therefore appropriate for Magistrate Judge Caracappa to consider whether the claims raised in petitioner's Second Amended Habeas Petition were untimely or otherwise procedurally defaulted.

  Next, in paragraph four of Petitioner's Objections, petitioner asserts that he "accurately preserved and exhausted most of [his] claims." See Petitioner's Objections at page 2. Assuming that this is petitioner's attempt at objecting to Judge Caracappa's conclusion that many of his claims are procedurally defaulted, petitioner's objection is vague. Petitioner does not specify which claims were exhausted or how those claims were preserved. This objection is overruled.

  In paragraph seven, petitioner argues that his claims concerning the consolidation of all six robberies is not precluded from review because it demonstrates that a procedure has been used to make petitioner's detention illegal. Respondents contend that Judge Caracappa correctly concluded that this claim is procedurally defaulted and precluded from review because petitioner has not shown that joinder was improper, did not explain why he was entitled to severance, and relies on the general purpose of federal habeas review, not a particular exception to the procedural default doctrine. I agree.

  Petitioner does not demonstrate or explain why the joinder of all six robberies was unlawful. Petitioner misunderstands the procedural default rules applied by Judge Caracappa. Moreover, petitioner's objection is merely a restatement of one of the claims for relief articulated in his Second Amended Habeas Petition. Petitioner does not explain how or why Judge Caracappa erred. Petitioner's objection is overruled.

  In paragraph eight, petitioner objects to the entire Report and Recommendation and Judge Caracappa's recommendation that all of his claims be denied as untimely, procedurally defaulted, or non-cognizable. This objection is both conclusory and broad. Petitioner provides no explanation of how Judge Caracappa erred. Petitioner merely articulates his disagreement with Judge Caracappa's well-reasoned recommendation. This objection is overruled.

  In paragraphs nine and ten, petitioner restates his belief that his trial was unfair. Petitioner argues that Judge Caracappa has diminished his "Federal Due Process Rights" by ignoring the flaws in his trial and by refusing to evaluate them using cumulative error analysis. However, petitioner's objection is vague. Petitioner fails to articulate which aspects of his trial were flawed. Moreover, petitioner fails to identify which claims Judge Caracappa should have examined using cumulative error analysis. Petitioner's objection is overruled.

  In paragraph eleven, petitioner contends that Judge Caracappa erroneously concluded that he should not be granted a stay and abeyance in

(Footnote 8 continued):

<u>IT IS FURTHER ORDERED</u> that Petitioner[']s Supplemental Objection[s] to the Magistrates R&R are each overruled.[9]

<u>IT IS FURTHER ORDERED</u> that the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa is approved and adopted.

<u>IT IS FURTHER ORDERED</u> that the Second Amended Habeas Petition is denied.

---

(<u>Continuation of footnote 8</u>):

light of <u>Alleyne v. United States</u>, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).  Petitioner argues that he should be granted a stay and abeyance because <u>Alleyne</u> was not decided until after petitioner was in state court and because he is procedurally barred at no fault of his own.  <u>See</u> Petitioner's Objections at page 4.  Petitioner further seems to argue that <u>Alleyne</u> affects a substantive right and thus should apply retroactively.

Respondents contend that not only is petitioner's <u>Alleyne</u> claim untimely, but also precluded from review because <u>Alleyne</u> does not apply retroactively to cases on collateral review.  I agree.  The United States Court of Appeals for the Third Circuit has made clear that <u>Alleyne</u> may not be retroactively applied to cases on collateral review.  <u>See</u> <u>United States v. Reyes</u>, 755 F.3d 210, 212 (3d Cir. 2014) cert. denied, ___ U.S. ___, 135 S.Ct. 695, 190 L.Ed.2d 403 (2014).  Petitioner's objection is overruled.

[9] Petitioner filed his Supplemental Objections on July 27, 2015, two weeks after the deadline for filing written objections.  He did not ask for an extension of time to file and he did not explain his delay in raising these objections.  Petitioner's Supplemental Objections are untimely.

Even if I looked past the fact that petitioner's Supplemental Objections are untimely, I would still find them to be without merit.

Petitioner first contends that his Second Amended Habeas Petition is a mixed petition containing both exhausted and unexhausted claims and that he should be granted a stay and abeyance.  However, "stay and abeyance should be available only in limited circumstances."  <u>See</u> <u>Rhines v, Weber</u>, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005).  Here, granting petitioner a stay and holding his petition in abeyance would be futile because petitioner is precluded from litigating his claims in state court.

Next, petitioner "asks the Court to reconsider it's [sic] order denying appointment of counsel."  <u>See</u> Supplemental Objections at page 3.  Because I am denying petitioner's request for an evidentiary hearing, it is unnecessary to appoint petitioner counsel.

IT IS FURTHER ORDERED that petitioner's requests for an evidentiary hearing are each denied.[10]

IT IS FURTHER ORDERED that, because no reasonable jurist could find this ruling debatable and because there has been no substantial showing of the denial of a constitutional right, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall remove this matter from Civil Suspense.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

                                BY THE COURT:


                                /s/ JAMES KNOLL GARDNER
                                James Knoll Gardner
                                United States District Judge

---

[10] In his Traverse, petitioner asks me to hold an evidentiary hearing on grounds E, J, I and K of his Second Amended Habeas Petition. Petitioner avers that these grounds for relief are not procedurally defaulted and unreviewable because ineffective assistance of counsel "provides legal cause for a failure to preserve error". See Traverse at page 4. In his Supplemental Traverse, petitioner asks me to hold an evidentiary hearing "regarding the clear and convincing evidence put forth to overcome the procedural default" of his claims. See Supplemental Traverse at page 6.

As stated above, in her well-reasoned Supplemental Report and Recommendation, Judge Caracappa determined that grounds E, J and I of petitioner's Second Amended Habeas Petition are procedurally defaulted because they were deemed waived by the Superior Court of Pennsylvania. See Supplemental Report and Recommendation at pages 26-27 and 32. Judge Caracappa further determined that ground K of petitioner's Second Amended Habeas Petition is untimely. See Supplemental Report and Recommendation at page 33. I agree.

An evidentiary hearing is unnecessary because grounds E, J, I and K of petitioner's Second Amended Habeas Petition are precluded from review and the "evidence" put forth by petitioner to overcome the procedural default is merely a restatement of the arguments presented in his Second Amended Habeas Petition.